cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC., a California Corporation,<br><br>    Plaintiff,<br>v.<br><br>NAUTILUS., dba THE NAUTILUS GROUP, INC., a Washington Corporation; and Does 1 through 10 inclusive,<br><br>    Defendants. | Civil No. 09-CV-744 JLS (AJB)<br><br>**ORDER SETTING AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>[Doc. Nos. 85, 86 and 87.] |

    The Plaintiff Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") filed a motion to compel the Defendant Nautilus, Inc. ("Nautilus") to designate and properly prepare a person most knowledgeable ("PMK")[1] pursuant to Federal Rule of Civil Procedure 30(b)(6).[2] [Doc. No. 71.] Nautilus did not object or otherwise challenge the notice. Subsequently, Nautilus produced Kevin McCart as its PMK for deposition in Vancouver, Washington on April 19, 2010. After the deposition in Vancouver, SCSRA contended that Nautilus failed to properly designate and/or prepare Mr. McCart and requested sanctions pursuant to Rule 37(d)(3). Having found that Nautilus failed to fulfill its obligations under Rule 30(b)(6), the Court instructed SCSRA to file a declaration detailing the fees and costs for the

---

[1] The PMK designee was to testify with regard to topic number two of the noticed deposition. Topic number two refers to "other complaints about powder coating on any Nautilus equipment from 1998 to the present."

[2] Unless otherwise noted, all subsequent references to the rules refer to the Federal Rules of Civil Procedure.

requested amount of $13,091 on or before July 9, 2010. [Doc. Nos. 86 and 87.] Nautilus was instructed to file objections to the fees and costs on or before July 23, 2010. [Doc. No. 89.] A telephonic hearing regarding the motion for sanctions was held on the record on July 28, 2010 at 1:30 p.m. Appearing on behalf of the SCSRA was Mr. Stephen J. Tomasulo and Ms. Whitney B. Kringel. Appearing on behalf of Nautilus was Mr. Robert W. Harrison and Mr. Patrick J. Kearns. Having fully evaluated the moving papers and the arguments made by counsel at the telephonic hearing, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request for sanctions pursuant to Rule 37(d)(3) as set forth below.

### *Legal Standard*

Under Fed.R.Civ.P. 30(b)(6), a party may provide notice of matters for examination to an organization. That organization is then required to designate one or more persons to testify about the matters noticed. *See id.* Such designated person or persons must then "testify about information known or reasonably available to the organization." *See id*. The corporate party then has an affirmative duty to educate and prepare the designated representative for the deposition. *See Sprint Commc'n Co. L.P. v. Theglobe.com, Inc*., 236 F.R.D. 524, 527 (D.Kan.2006). This duty requires a Rule 30(b)(6) designee to testify to more than just what he or she personally knows. *See id.*

Many courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance at a deposition, meriting the imposition of sanctions pursuant to Rule 37(d)(3). *See, e.g., Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir.1993); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y.1997). Rule 37(d)(3) states:

> . . . the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Sanctions under Rule 37 are designed to be flexible so that courts have the discretion to "vouchsafe full discovery for the just, speedy, and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37 (10th Cir.1966). Overall, sanctions imposed under Rule 37 should deter the Defendant's conduct, and remedy any prejudice it caused the Plaintiff. *See Pioneer Drive, LLC. v. Nissan Diesel America, Inc*., 262 F.R.D. 552, 560 (D. Mont. 2009).

### *Discussion*

In the Plaintiff's declaration in support of the request for sanctions, the Plaintiff seeks reimbursement of $13,091 in attorney's fees and costs associated with the motion to compel and deposition of Mr. McCart.[3] *See* Pl.'s Decl. at pg. 4. [Doc. No. 86.] Of the $13,091 total,[4] the Plaintiff alleges $6,120 was spent to prepare the motion to compel,[5] $6,162 was incurred as a result of the deposition of Mr. McCart,[6] and $1,772 was spent as expenses[7] related to the deposition.

The Defendant filed an objection to the Plaintiff's request for fees and costs, arguing the request was excessive and not fully documented. Defendants further argued that the deposition of Mr. McCart was not a "total loss" and Defendant should not have to pay for meals and room service. *See* Def.'s Opp'n at pgs. 2, 4 and 6. [Doc. No. 89.] The Defendants contend that only four days after the deposition of Mr. McCart, the Plaintiff submitted a third-set of written requests for production of documents. Within this document request, several of the documents specifically referenced the deposition of Mr. McCart, showing that the Plaintiff did in fact receive "some value" from the deposition. *See* Def.'s Opp'n at pg. 3. [Doc. No. 89.] The Defendants also contend that the hours spent by the Plaintiff's counsel are excessive and based solely on representations in the declarations that are "estimates" or based upon "pre-bills." *See* Def.'s Opp'n at pg. 5 [Doc. No. 89.]

Based on the moving papers submitted by both parties and arguments presented at the telephonic hearing on July 28, 2010 at 1:30 p.m., the Court finds that the hours represented by the Plaintiff's

---

[3] Although the Plaintiff only seeks reimbursement of $13,091, it alleges the Motion and McCart deposition total approximately $14,054 in fees and expenses at minimum.

[4] The Plaintiff alleges that all expenses incurred as a result of the motion to compel and deposition of Mr. McCart, have been paid by SCSRA within 30 days of receipt of the billing statement.

[5] The Plaintiff contends that a total of 19.8 hours, equating to $6,120, was spent researching, preparing and writing the motion. In reaching this sum, the Plaintiff alleges Ms. Kringel spent 17.8 hours at $300 per hour and Mr. Tomasulo spent 2 hours at $390 per hour.

[6] The Plaintiff contends hours, equating to $6,162, was spent preparing for and traveling to and from the deposition. Of these 15.8 hours, the Plaintiff states 6.8 hours were spent preparing and traveling to the deposition and 9 hours were spent preparing for, taking, and traveling from the deposition.

[7] The Plaintiff alleges it incurred $1,772 in deposition related expenses. These expenses include $526 for an airplane ticket, $182 for a rental car, $40 for parking at the airport, $681 for deposition transcript fees and $343 in hotel expenses. Of the $343 in hotel expenses, $139 was attributed to the room rate, $117.20 to dinner at the London Grill Restaurant, $29 to hotel parking, $32.40 to room service, $17.38 to room occupancy tax and $8 to a miscellaneous expense at Palm Court.

counsel in regards to the motion to compel and the deposition are unreasonable, but finds the deposition expenses reasonable.[8] In light of the fact that this was a single motion to compel on a simple issue, the Court finds 10 hours, equating to $3,090, to be reasonable. Of these ten hours, nine hours will be billed at Ms. Kringle's rate of $300 per hour, equating $2,700, and one hour will be billed at Mr. Tomasulo's rate of $390 per hour, equating $390. Regarding deposition fees, because time spent traveling to the first deposition has been lost and additional preparation on behalf of the Plaintiff will be needed to prepare for the subsequent deposition, the Court finds 11.3 hours at $390 per hour, equating to $4,407 reasonable. This time accounts for the 6.8 hours the Plaintiff's counsel spent traveling to and preparing for the deposition and 4.5 hours the Plaintiff's counsel spent preparing for, taking, and traveling from the deposition. Finally, because the Plaintiff's counsel will need to take a subsequent deposition all expenses incurred as a result of the first deposition of Mr. McCart have been lost. Therefore, the Court finds deposition expenses in the amount $1,654.50 reasonable.

### *Conclusion*

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's request for sanctions pursuant to Rule 37(d)(3). The Court finds that sanctions in the amount of $3,090 for the motion to compel, $4,407 for fees associated with the deposition of Mr. McCart, and $1,654.50 for deposition expenses are reasonable. Thus, pursuant to Rule 37(d)(3) Nautilus is hereby **ORDERED** to pay $9,151.50 to SCSRA for reasonable attorney's fees and expenses as a result of failing to designate and adequately prepare its PMK Mr. McCart. Payment is to be made forthwith and in no event later than August 20, 2010.

IT IS SO ORDERED.

DATED: July 29, 2010

                                            Hon. Anthony J. Battaglia
                                            U.S. Magistrate Judge
                                            United States District Court

---

[8] At the July 28, 2010 hearing, counsel for the Plaintiff conceded that the $117.50 dinner at the London Grill Restaurant should not an expense included in the request for sanctions.