# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NAUTILUS, INC., <br><br> Defendant. | CASE NO. 09-CV-744 JLS (MDD) <br><br> **ORDER: DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> (ECF No. 129) |

Presently before the Court is Plaintiff Southern California Stroke Rehabilitation Associates, Inc.'s ("SCSRA") motion for leave to amend its complaint. (Motion, ECF No. 129.) Also before the Court is Defendant Nautilus, Inc.'s opposition (Opp'n, ECF No. 131) and Plaintiff's reply (Reply, ECF No. 135). For the reasons stated below, Plaintiff's motion for leave to file an amended complaint is **DENIED**.

## BACKGROUND

On December 22, 2008, Plaintiff filed a complaint against Nautilus for breach of express warranty, breach of implied warranty for fitness of purpose, and breach of implied warranty of merchantability arising out of the purchase of "custom designed, medical grade [exercise] equipment designed for stroke rehabilitation purposes." (*See* Compl., ECF No. 1.) The extensive

1 factual and procedural history of this case is detailed in the Court's March 24, 2011 Order,
2 incorporated here, in which the Court denied both parties' motions for summary judgment except
3 as to Plaintiff's cross-motion for summary judgment on Defendant's statute of limitations defense.
4 (ECF No. 113.) The case is now poised for trial.

## LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The opposing party bears the burden of demonstrating why denial is necessary. A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178 (1962).

## ANALYSIS

Defendant argues leave to amend should be denied due to bad faith, undue delay, prejudice to Defendant, and futility of amendment. The Court considers each in turn.

**1. Bad Faith**

Defendant argues that the proposed amended complaint should be denied because Plaintiff is attempting to mislead the Court by "cleverly removing certain allegations . . . that would effectively negate his basis for seeking the Amendment . . . under the guise of 'streamlining' the Complaint." (Opp'n 4.) In further support of its bad faith argument, Defendant points to prior instances in which Plaintiff's litigation tactics and bad-faith motives for suing Nautilus have been judicially recognized. (*Id.*)

The Court agrees that Plaintiff's description of the proposed amendment in its motion for leave to amend does not fully comport with the amendment itself. Plaintiff states that "[t]he proposed amendment would add a cause of action under the Magnuson-Moss Warranty Act (the "MMWA"), 15 U.S.C. § 2301 *et seq.*, and otherwise streamline the complaint." (Motion 2.) In fact, the proposed amendment does reduce the number of pages of the complaint by four, even though it adds a cause of action. (*See* Proposed Amendment, Motion Ex. A.) However, the

motion does not make clear that the proposed amendment significantly alters Plaintiff's factual allegations so as to state facts that might support a claim under a consumer protection statute such as the MMWA, which the original complaint completely lacked.

In its original complaint, Plaintiff stated that a "central component of Mr. Sukumar's business plan was the acquisition and deployment of state-of-the-art exercise systems to function as the 'core' of SCSRA's therapeutic/rehabilitative regime." (Compl. ¶ 12.) The original complaint alleges that Mr. Sukumar had several specific design features in mind for the exercise equipment which he felt "would help ensure that SCSRA's clients – given their unusually fragile state – were not accidentally injured in the rehabilitation process." (*Id.*) Mr. Sukumar apparently conducted "extensive diligence" and concluded that no ready-made medical-grade exercise equipment existed "that met all of SCSRA's needs for rehabilitation/therapeutic exercise equipment." (Compl. ¶ 13.) Accordingly, Mr. Sukumar contracted with Nautilus "for the design and manufacture of medical-grade machines to use in SCSRA's facilities." (*Id.*) In contrast, the proposed amendment asserts that Mr. Sukumar purchased the exercise equipment for the purpose of the rehabilitation of his father. (Proposed Amendment ¶ 12.) Plaintiff further asserts that "Nautilus knew that the Nautilus Equipment was intended and customized for the rehabilitation of Mr. Sukumar's father." (*Id.*) The idea of forming a company that would operate rehabilitation centers for elderly patients who suffered from neuromuscular dystrophies apparently came later and was only secondary.

These changes are of material importance to Plaintiff's new cause of action under the MMWA, which applies only to the sale of consumer products. Under the terms of the Act, a consumer product is "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1). The fact that Plaintiff's motion to amend fails to point out and request leave to make material changes in the factual allegations of the complaint concerns the Court. And viewed in the context of Plaintiff's history of repetitive delay in this matter, Plaintiff has not provided "persuasive justification" for further delay. (*See* June 23, 2011 Order, ECF No. 125.) Even if these omissions were not made in bad faith, the additional claim will certainly expand the scope of the litigation, contrary to

Plaintiff's assurances that it won't.  The MMWA claim will necessitate the determination of additional elements – at the very least, whether or not the exercise equipment qualifies as a consumer product under the Act.

**2.  Undue Delay**

Defendant also argues the amendment should be denied due to Plaintiff's excessive delay in bringing the motion and the procedural stance of this case as over three years old, past summary judgment, and poised for trial.  The Court agrees. Plaintiff has not provided any reliable justification for the excessive delay, making this motion untimely.

In most situations, undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  But in some egregious cases, delays may be sufficient on their own to deny amendment.  *See AmerisourceBergen Corp v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).  Under the undue delay analysis, a relevant inquiry is also whether the plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902 F.2d at 1388.

Plaintiff attempts to justify the timing of the proposed amendment to add the MMWA claim by stating that "SCSRA filed its Motion as soon as practicable after the deposition of Greg Webb."  (Reply 2.)   Apparently, it was not until this deposition had been taken that Plaintiff realized that the exercise equipment could be suited for home use and thus qualified as a consumer product under the MMWA.  (Motion 2.)  Given that Plaintiff now states he purchased the equipment for personal use, i.e. the rehabilitation of his father, the motion to amend is inherently contradictory.  If Plaintiff's proposed amended complaint is to be believed, then his reason for delay approaches the preposterous.  In addition, courts have held that ignorance of the law is an unsatisfactory excuse for excessive delay.  *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming the lower court's denial of leave to amend, stating that "the court is free to conclude that ignorance of the law is an unsatisfactory excuse.") (citing *Goss v. Revlon Inc.*, 548 F.2d 405, 407 (2d Cir. 1976)).

Further, Mr. Sukumar knew, or should have known, the facts relevant to his reasons for purchasing the exercise equipment at the time of filing the original complaint.  Plaintiff has not

provided any reason why those facts were not properly stated in the original complaint.  Thus, Plaintiff has failed to provide any justification as to why the complaint's factual allegations now require amendment.

**3. Prejudice to Defendant**

Defendant argues that Plaintiff's proposed amendment would be prejudicial because of the extensive delays Plaintiff has already caused in this litigation and because the amendment would necessitate another motion for summary judgment.  (Opp'n 12.)  As discussed above, the Court agrees that the addition of the MMWA claim would not "simply allow SCSRA to recover the statutory remedies" without changing the scope of the litigation at all.  (Motion 3.)  Further, Defendant is correct that the Court has already admonished the parties that no further continuances would be given in this matter absent "persuasive justification."  (June 23, 2011 Order.)  The Court could certainly allow Defendant the opportunity to file a motion for summary judgment on the new cause of action, which would cause delay even more substantial than the delay caused by a continuance.

**4. Futility of Amendment**

Finally, Defendant argues that the motion to amend should be denied for futility, because it does not apply to Plaintiff, a corporate entity, and because it should not relate back to the original complaint and thus is barred by the applicable statute of limitations.  Although the Court finds both of these arguments persuasive, it need not discuss or make findings as to these issues because it finds the reasons discussed above entirely justify denying Plaintiff's motion.

**CONCLUSION**

Although leave to amend should be freely given, it is not granted in every case.[1]  Here, where Plaintiff's proposed amendment makes material changes not brought to the Court's attention which are inconsistent with the original complaint and the reasons given for amendment, where Plaintiff has waited too long to seek this amendment with no satisfactory justification, and

---

[1] *See, e.g.*, *Cresswell*, 922 F.2d at 72 (affirming the lower court's denial of leave to amend the complaint due to the court's discretion "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.")

1  because to allow the amendment at this late stage would unduly prejudice Defendant, Plaintiff's
2  motion for leave to amend the complaint is **DENIED**.
3      **IT IS SO ORDERED**.

5  DATED: January 30, 2012

6  *Janis L. Sammartino*
   Honorable Janis L. Sammartino
7  United States District Judge