# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC., a California Corporation,,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>NAUTILUS, INC. dba THE NAUTILUS GROUP, INC., a Washington corporation; and DOES 1 through 10 , inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09cv744-CAB (MDD)<br><br>**ORDER SETTING TRIAL AND PRETRIAL DATES AND PROCEDURES** |

On March 6, 2012, a status conference was held in this matter. Stephen J. Tomasulo, Esq. appeared on behalf of Plaintiff. Robert W. Harrison, Esq. And Patrick J. Kearns, Esq. appeared on behalf of Defendants. After consulting with Plaintiff's and Defendant's counsel, and for good cause appearing, **IT IS HEREBY ORDERED**:

### TRIAL AND PRETRIAL DATES

1. **Trial Date.** A jury trial in this action shall commence on **September 10, 2012** at **9:00 a.m.** in **Courtroom 2,** and shall continue through **September 18, 2012**, if necessary.

2. **Time Limits.** To promote the efficient administration of justice, provide for an orderly presentation of the evidence, and accommodate the parties' time estimates and the Court's schedule, the Court orders reasonable time limits of **three days** per side, including opening statements and closing arguments. The Courtroom Deputy Clerk will provide a

summary of the time used at the conclusion of each trial day.

3. **Motions in Limine and Objections to Exhibits:** All motions in limine and objections to exhibits shall be filed and served no later than **August 3, 2012**  All oppositions to such items shall be filed and served no later than **August 17, 2012**  A hearing with regard to such items shall be held on **August 24, 2012** at **2:30 p.m.** See further instructions regarding the preparation of such items below.

## PREPARATION FOR JURY TRIAL

**I.   MOTIONS AND EXHIBITS**

Unless stated otherwise, the below instructions are intended only to supplement and clarify the trial preparation procedure set forth by the Local Rules of this Court.  To the extent a matter is not addressed below, the parties are advised to follow the Local Rules.

**A. Motions in Limine**:  This section modifies and supplements the procedure and deadlines set forth by Local Rule 16.1.f.9.a.  All motions in limine must be filed and served no later than **August 3, 2012**  Each motion should be filed separately and numbered.  All opposition documents must be filed and served no later than **August 17, 2012**.  No reply documents need be filed.

Prior to filing any motions in limine, however, the parties are required to meet and confer in an attempt to resolve their dispute.  If the parties are unable to resolve their differences, counsel filing the motion in limine shall attach a declaration documenting the parties' meet and confer efforts and the reason for their unsuccessful efforts.  Parties are encouraged to be selective with their motions in limine and not file mundane or unnecessary motions.

**B. Objections to Exhibits**:  The parties shall exchange their lists of exhibits no later than **August 3, 2012**.  All objections to exhibits must be filed and served no later than **August 10, 2012**.  All opposition to such objections must be filed and served no later than **August 17, 2012**.  No reply documents need be filed.  Parties are encouraged to negotiate a joint exhibit list for purposes of the aforementioned filings.

Prior to filing any objections to exhibits, however, the parties are required to meet and

1  confer in an attempt to resolve their dispute. If the parties are unable to resolve their
2  differences, the party filing the objection to the exhibit shall attach a declaration documenting
3  the parties' meet and confer efforts and the reason for their unsuccessful efforts.

4  **II.   JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, AND JOINT STATEMENT**

5  This section modifies and supplements the procedure and deadlines set forth by Local
6  Rule 16.1.f.9.b.

7  **A. Jury Instructions and Special Verdict Forms:** Each requested instruction shall
8  be set forth in full; be on a separate page; be numbered; cover only one subject or principle of
9  law; not repeat principles of law contained in any other requested instructions; and cite the
10 authority for a source of the requested instruction. Each instruction shall have a heading at
11 the top of the page that reads: "COURT'S INSTRUCTION NUMBER ___." The Court will
12 fill in the applicable number at a later date.

13 On or before **August 3, 2012**, the parties shall serve their proposed jury instructions
14 and special verdict forms. No later than **August 17, 2012**, the parties shall serve any
15 objections to the instructions. The parties must then meet and confer to reach an agreement
16 on the proposed jury instructions.

17 On or before **August 24, 2012**, the parties shall submit to the Court, a complete set
18 of jury instructions organized in the order that the instructions are to be submitted to the jury.
19 An index page shall accompany all jury instructions submitted to the Court. The index page
20 shall indicate the following: (1) the number of the instruction; (2) a brief title of the instruction;
21 (3) the source of the instruction and any relevant case citation; and (3) the page number of the
22 instruction. Plaintiff's counsel has the burden of preparing and submitting the joint and
23 complete sets of instructions. The instructions must be submitted in hard copy AND in
24 editable form (preferably WordPerfect) by email to Chambers at
25 efile_bencivengo@casd.uscourts.gov.

26 When the parties disagree on an instruction, the parties shall each attach a short
27 statement (no longer than one paragraph) supporting their respective positions on the
28 instruction, with citation to any relevant authorities. Each statement should be on a separate

1  page and should follow directly after the disputed instruction.  Per the above, the statements
2  must be submitted in hard copy as part of the complete set of instructions, but need not be
3  submitted by email to Chambers.

4  The Court directs counsel to use the instructions from the *Manual of Model Jury
5  Instructions for the Ninth Circuit*, where applicable.  Where California law applies and the
6  Ninth Circuit instructions are not applicable, the Court prefers the parties to use the California
7  Jury Instructions in *CACI* first, and in *BAJI* second.

8  Modifications of instructions from the foregoing sources (or any other form
9  instructions) must specifically state the modification made to the original form instruction and
10  the authority supporting the modification.

11  **B. Voir Dire:**  On or before **August 24, 2012**, Counsel may, but need not, submit
12  brief proposed voir dire questions for the jury.  The Court will conduct its own voir dire after
13  considering any proposed voir dire submitted by the parties.  Counsel will be allotted **15**
14  **minutes** per side for voir dire.

15  **C. Joint Statement:** On or before **August 24, 2012**, Counsel shall submit a joint
16  description of the case to be read to the jury.

17  **III.   TRIAL EXHIBITS**

18  This section modifies and supplements the procedure and deadlines set forth by Local
19  Rule 16.1.f.9.c.  This section does not relieve the parties of complying with Local Rule 16.1.f.2
20  or Local Rule 16.1.f.4.

21  All trial exhibits should be numbered sequentially.  No letters shall be used.  Exhibit
22  stickers may be obtained from the Intake Window of the Clerk's Office.  All questions
23  regarding trial exhibits should be directed to the Courtroom Deputy at 619-557-6901.  The
24  parties are advised to contact the Courtroom Deputy prior to numbering their exhibits.

25  Exhibits are to be placed in three-ring binders separated by tabs and containing an
26  index.  Counsel shall submit to the Court an original and two copies of the binders.  The
27  binders must be submitted no later than the first day of trial or, if possible, one calendar day
28  before the first day of trial.

Each party must keep his own list of exhibits and should keep track when each has been admitted into evidence. The Courtroom Deputy will have the official exhibit list. Once an exhibit is admitted, it is the property of the Court and must remain in the Courtroom, unless otherwise ordered by the Court.

An exhibit must be admitted into evidence before counsel may show it to the jury. When referring to an exhibit, counsel should refer to its exhibit number whenever possible.

### IV.   WITNESSES

Prior to the commencement of trial, each party shall provide the Courtroom Deputy with three copies of his witness list in the order in which the witness may be called to testify.

### V.   AUDIOVISUAL AND VIDEO EQUIPMENT

If a party intends to use any special equipment, such as video projectors, slide projectors, tape recorders, or the like, the party shall notify the Courtroom Deputy ten (10) calendar days prior to the first day of trial, and prepare and submit to the Court a proposed order listing all such equipment. If more than one party intends to use special equipment, the parties must coordinate between themselves to share any duplicative equipment.

**IT IS SO ORDERED**.

DATED: July 3, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge