# EXHIBIT A

## Plaintiff's Proposed Jury Instructions

| # | PAGE | TITLE | SOURCE |
|---|------|-------|--------|
| 1 | 1 | Duty of Jury (Court Reads and Provides Written Instructions) | 9th Cir. Model Civ. Jury Ins. 1.1A |
| 2 | 2 | Duty of Jury (Court Reads Only) | 9th Cir. Model Civ. Jury Ins. 1.1B |
| 3 | 3 | Duty of Jury | 9th Cir. Model Civ. Jury Ins. 1.1C |
| 4 | 4 | Claims and Defenses | 9th Cir. Model Civ. Jury Ins. 1.2 |
| 5 | 5 | Burden of Proof—Preponderance | 9th Cir. Model Civ. Jury Ins. 1.3 |
| 6 | 6 | What is Evidence | 9th Cir. Model Civ. Jury Ins. 1.6 |
| 7 | 7 | What is Not Evidence | 9th Cir. Model Civ. Jury Ins. 1.7 |
| 8 | 8 | Evidence For Limited Purpose | 9th Cir. Model Civ. Jury Ins. 1.8 |
| 9 | 9 | Direct and Circumstantial Evidence | 9th Cir. Model Civ. Jury Ins. 1.9 |
| 10 | 10 | Ruling on Objections | 9th Cir. Model Civ. Jury Ins. 1.10 |
| 11 | 11 | Credibility of Witnesses | 9th Cir. Model Civ. Jury Ins. 1.11 |
| 12 | 12 | Conduct of the Jury | 9th Cir. Model Civ. Jury Ins. 1.12 |
| 13 | 13 | No Transcript Available to Jury | 9th Cir. Model Civ. Jury Ins. 1.13 |
| 14 | 14 | Taking Notes | 9th Cir. Model Civ. Jury Ins. 1.14 |
| 15 | 15 | Questions to Witnesses by Jurors | 9th Cir. Model Civ. Jury Ins. 1.15 |
| 16 | 16 | Bench Conferences and Recesses | 9th Cir. Model Civ. Jury Ins. 1.18 |
| 17 | 17 | Outline of Trial | 9th Cir. Model Civ. Jury Ins. 1.19 |
| 18 | 18 | Stipulations of Fact | 9th Cir. Model Civ. Jury Ins. 2.2 |
| 19 | 19 | Use of Interrogatories of a Party | 9th Cir. Model Civ. Jury Ins. 2.10 |

EXHIBIT A - 3 -

| 20 | 20 | Expert Opinion | 9th Cir. Model Civ. Jury Ins. 2.11 |
|---|---|---|---|
| 21 | 21 | Duty to Deliberate | 9th Cir. Model Civ. Jury Ins. 3.1 |
| 22 | 22 | Communication with Court | 9th Cir. Model Civ. Jury Ins. 3.2 |
| 23 | 23 | Return of Verdict | 9th Cir. Model Civ. Jury Ins. 3.3 |
| 24 | 24 | Corporations and Partnerships—Fair Treatment | 9th Cir. Model Civ. Jury Ins. 4.1 |
| 25 | 25 | Liability of Corporations—Scope of Authority Not in Issue **(Defendant Objection)** | 9th Cir. Model Civ. Jury Ins. 4.2 |
| 26 | 27 | Express Warranty—Essential Factual Elements **(Defendant Objection)** | CACI 1230 |
| 27 | 29 | Implied Warranty of Merchantability— Essential Factual Elements **(Defendant Objection)** | CACI 1231; Cal. Comm. Code § 2314(2) |
| 28 | 31 | Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements | CACI 1232 |
| 29 | 32 | Notification/Reasonable Time **(Defendant Objection)** | CACI 1243; Cal. Comm. Code § 2607, Comment 4 (bold) |
| 30 | 34 | Damages—Proof **(Defendant Objection)** | 9th Cir. Model Civ. Jury Ins. 5.1; Cal. Comm. Code §§ 2712, 2714, 2715 (bold); *Camrosa County Water Dist. v. Sw. Welding & Mfg. Co.* (1975) 49 Cal.App.3d 951, 956; *Grupe v. Glick* (1945) 26 Cal.2d 680, 689-690 (bold and italics) |
| 31 | 36 | Equitable Estoppel (Plaintiff's Special Jury Instruction No. 1) | *U.S. v. Ruby Co.*, 588 F.2d 697, 703 (1978); 13 B. E. Witkin, et al., *Summary of Cal. Law*, Equity § 190, at 527-528 (10th ed. 2005); *Seymour v. Oelrichs* (1909) 156 Cal. 782, 796- |

EXHIBIT A   -4-

| | | | 797, disapproved on another ground in *Sterling v. Taylor* (2007) 40 Cal.4th 757, 769-770 |
|---|---|---|---|
| 32 | 37 | Res Judicata **(Defendant Objection)** | *Vella v. Hudgins* (1977) 20 Cal.3d 251, 257; *Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 686 |
| 33 | 39 | Collateral Estoppel **(Defendant Objection)** | *Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 944; *Parklane Hosiery Co. v. Shore* (1979) 439 U.S. 322, 326, fn. 5 |

## Defendant's Proposed Jury Instructions

| # | PAGE | TITLE | SOURCE |
|---|---|---|---|
| 34 | 42 | Charts and Summaries in Evidence | 9th Cir. Model Civ. Jury Ins. 2.13 |
| 35 | 43 | Charts and Summaries Not Received in Evidence | 9th Cir. Model Civ. Jury Ins. 2.12 |
| 36 | 44 | Deposition in Lieu of Live Testimony | 9th Cir. Model Civ. Jury Ins. 2.4 |
| 37 | 45 | Additional Instructions of Law | 9th Cir. Model Civ. Jury Ins. 3.4 |
| 38 | 46 | Deadlocked Jury | 9th Cir. Model Civ. Jury Ins. 3.5 |
| 39 | 47 | Damages—Mitigation | 9th Cir. Model Civ. Jury Ins. 5.3 |
| 40 | 48 | Duration of Implied Warranty | CACI 3212 |
| 41 | 49 | Affirmative Defense—Unauthorized or Unreasonable Use | CACI 3220 |
| 42 | 50 | Incidental Damages | CACI 3242 |
| 43 | 51 | Res Judicata (I) (Defendant's Special Instruction No. 1) **(Plaintiff Objection)** | *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System* (9th Cir. 2009) 568 |

## EXHIBIT A -5-

| | | | |
|---|---|---|---|
| | | | F.3d 725, 734; *Brodheim v. Cry* (9th Cir. 2009) 584 F.3d 1262, 1268; *Eichman v. Fotomat Corp.* (1983) 147 Cal. App. 3d 1170, 1174-1175; *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202; *Americana Fabrics, Inc. v. L & L Textiles, Inc.* (9th Cir. 1985) 754 F.2d 1524, 1529 |
| 44 | 54 | Res Judicata (II) (Defendant's Special Instruction No. 2) **(Plaintiff Objection)** | *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal. 4th 788, 797; *Eichman v. Fotomat Corp.* (1983) 147 Cal. App. 3d 1170, 1174-1175 |
| 45 | 57 | Collateral Estoppel (Defendant's Special Instruction No. 3) **(Plaintiff Objection)** | *Lucido v. Superior Court* (1990) 51 Cal.3d 335; *Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal. 4th 921, 944 |
| 46 | 59 | Failure to Give Notice of Breach of Warranty (Defendant's Special Instruction No. 4) **(Plaintiff Objection)** | Cal. Comm. Code § 2607(3)(A); *McCune v. F. Alioto Fish Co.* (9th Cir.1979) 597 F.2d 1244, 1253; *Alvarez v. Chevron Corp.* (9th Cir. 2011) 656 F.3d 925, 932; *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.* (2008) 169 Cal.App.4th 116, 135; *Yamada v. Nobel Biocare Holding AG* (C.D. Cal. 2011) 275 F.R.D. 573, 581 |

EXHIBIT A - 6 -

**COURT'S INSTRUCTION NO. _____**

DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.1A

1   EXHIBIT A - 7 -

**COURT'S INSTRUCTION NO. _____**


DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.1B

EXHIBIT A – 8 –

2

**COURT'S INSTRUCTION NO. _____**

DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1C

EXHIBIT A -9-

**COURT'S INSTRUCTION NO. _____**


CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff, Southern California Stroke Rehabilitation Associates Inc., claims that the powder coating finish on fitness machines it purchased from the Defendant, Nautilus Inc., is defective and in breach of the applicable warranty. The Plaintiff is making claims for breach of express warranty, breach of the implied warranty of fitness for a particular purpose, and breach of an implied warranty of merchantability.

Defendant Nautilus Inc. denies those claims and contends the warranty does not cover the powder coating finish on the machines; that the warranty is not applicable to Southern California Stroke Rehabilitation Associates; and that the Plaintiff has already litigated each of the powder coating issues in prior litigation.

The Plaintiff denies the Defendant's affirmative defenses.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.2

**EXHIBIT A - 10 -**

**COURT'S INSTRUCTION NO. _____**

BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.3

5   EXHIBIT A - 11 -

**COURT'S INSTRUCTION NO. _____**

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6

EXHIBIT A -12-

**COURT'S INSTRUCTION NO. _____**

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7

EXHIBIT A - 13 -

**COURT'S INSTRUCTION NO. _____**

EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.8

8 EXHIBIT A -14-

**COURT'S INSTRUCTION NO. _____**


DIRECT AND CIRCUMSTANTIAL EVIDENCE

      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.9

EXHIBIT A - 15 -

**COURT'S INSTRUCTION NO. _____**

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.10

EXHIBIT A - 16 -

**COURT'S INSTRUCTION NO. _____**

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.11

11   EXHIBIT A - 17 -

**COURT'S INSTRUCTION NO. _____**

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.12

EXHIBIT A - 18 -

**COURT'S INSTRUCTION NO. _____**


NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.13

13   EXHIBIT A - 19 -

**COURT'S INSTRUCTION NO. _____**


TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.14

EXHIBIT A -20-

**COURT'S INSTRUCTION NO. _____**

## QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.15

EXHIBIT A - 21 -

**COURT'S INSTRUCTION NO. _____**

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.18

EXHIBIT A - 22 -

**COURT'S INSTRUCTION NO. _____**


OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.19

EXHIBIT A -23-

**COURT'S INSTRUCTION NO. \_\_\_\_**


STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit \_\_] [that will be read to you]. You should therefore treat these facts as having been proved.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.2

EXHIBIT A - 24 -

**COURT'S INSTRUCTION NO. _____**


USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.10

**EXHIBIT A - 25 -**

**COURT'S INSTRUCTION NO. _____**


EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.11

EXHIBIT A - 26 -

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.1

EXHIBIT A - 27 -

**COURT'S INSTRUCTION NO. _____**

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.2

EXHIBIT A - 28 -

**COURT'S INSTRUCTION NO. _____**


RETURN OF VERDICT

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.3

23   EXHIBIT A - 29 -

**COURT'S INSTRUCTION NO. _____**


CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a [corporation is entitled to the same fair and conscientious consideration by you as any party.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.1

EXHIBIT A - 30 -

**COURT'S INSTRUCTION NO. _____**

LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority: Ninth Circuit Model Civil Jury Instruction No. 4.2

EXHIBIT A ~ 31 ~

DEFENDANT'S OBJECTION

Defendant Nautilus objects <u>only</u> to the title of the previous instruction to the extent it identifies "scope of authority not at issue". The text of the instruction is acceptable. Defendant Nautilus asserts there may be, based on the facts/evidence introduced at trial, a question of the "scope of authority" as to any agency Plaintiff attempts to prove.

EXHIBIT A - 32 -

**COURT'S INSTRUCTION NO. _____**

EXPRESS WARRANTY--ESSENTIAL FACTUAL ELEMENTS

Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") claims that it was harmed by the fitness machines it purchased from Nautilus, Inc. ("Nautilus") because Nautilus represented, either by words or actions, that the machines are "free from defects in materials and workmanship" and provided warranty coverage against such defects. To establish this claim, SCSRA must prove all of the following:

1.      That Nautilus made a statement of fact/promise to SCSRA that the machines are "free from defects in materials and workmanship" and provided coverage against such defects;

2.      That the machines were not free from defects in materials and workmanship because of defects in their powder coating;

3.      That SCSRA took reasonable steps to notify Nautilus within a reasonable time that the machines were not as represented, whether or not Nautilus received such notice;

4.      That SCSRA was harmed; and

5.      That the failure of the machines to be as represented was a substantial factor in causing SCSRA's harm.

Authority:  CACI 1230

27      EXHIBIT A - 33-

<u>Defense Objection and Alternative Proposed Instruction</u>

Defendant Objects to Plaintiff's Instruction "Express Warranty – Essential Factual Elements" to the extent it includes other items on the warranty document that are not, and have not been put at issue in the Complaint in this matter. Thus, the instruction becomes a form of "argument". Nautilus hereby proposes the following alternative:

<u>[Express Warranty--Essential Factual Elements]</u>

Plaintiff, Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") claims that it was harmed by the fitness machines it purchased from Nautilus, Inc. ("Nautilus") because the Nautilus equipment has defects in the powder coating which constitute a breach of an express written warranty. To establish this claim, SCSRA must prove all of the following:

6.      That Nautilus provides a warranty for the powder coat finish on the machines;

7.      That the machines were not free from defects in materials and workmanship because of defects in their powder coating;

8.      That SCSRA took reasonable steps to notify Nautilus within a reasonable time that the machines were not as represented, whether or not Nautilus received such notice;

9.      That SCSRA was harmed; and

10.     That the failure of the machines to be as represented was a substantial factor in causing SCSRA's harm.

Authority:  CACI 1230

28      EXHIBIT A - 34 -

**COURT'S INSTRUCTION NO. _____**

IMPLIED WARRANTY OF MERCHANTABILITY--ESSENTIAL FACTUAL
ELEMENTS

Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") also
claims that it was harmed by the fitness machines that it bought from Nautilus, Inc.
("Nautilus") because the machines did not have the quality that a buyer would expect. To
establish this claim, SCSRA must prove all of the following:

1.    That SCSRA bought the machines from Nautilus;

2.    That, at the time of purchase, Nautilus was in the business of selling
these goods;

3.    That the machines:

were not of the same quality as those generally acceptable in the
trade;

were not fit for the ordinary purposes for which such goods are used;

did not conform to the quality established by the parties' prior
dealings or by usage of trade; _OR_

did not run, within the variations permitted by the agreement, of
even kind, quality and quantity within each unit and among all units
involved;

4.    That SCSRA took reasonable steps to notify Nautilus within a
reasonable time that the machines did not have the expected quality;

5.    That SCSRA was harmed; and

6.    That the failure of the machines to have the expected quality was a
substantial factor in causing SCSRA's harm.

Authority:  CACI 1231; Cal. Comm. Code § 2314(2)

EXHIBIT A - 35 -

Defendant's Objection and Alternative to this Instruction

Nautilus objects to this instruction to the extent that there is no evidence, and not expected to be any evidence offered on the last 2 of 4 "elements" contained in element 3, and therefore the instruction is needlessly confusing and inapplicable. Specifically, the challenged portions state as follows: "did not conform to the quality established by the parties' prior dealings or by usage of trade; OR did not run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved".

Accordingly, Nautilus asks the Court to omit those portions and offers the following alternative.

Implied Warranty of Merchantability--Essential Factual Elements

Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") also claims that it was harmed by the fitness machines that it bought from Nautilus, Inc. ("Nautilus") because the machines did not have the quality that a buyer would expect. To establish this claim, SCSRA must prove all of the following:

1.    That SCSRA bought the machines from Nautilus;

2.    That, at the time of purchase, Nautilus was in the business of selling these goods;

3.    That the machines:

were not of the same quality as those generally acceptable in the trade;

were not fit for the ordinary purposes for which such goods are used;

4.    That SCSRA took reasonable steps to notify Nautilus within a reasonable time that the machines did not have the expected quality;

5.    That SCSRA was harmed; and

6.    That the failure of the machines to have the expected quality was a substantial factor in causing SCSRA's harm.

EXHIBIT A - 36 -

**COURT'S INSTRUCTION NO. _____**


IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE--
ESSENTIAL FACTUAL ELEMENTS

Southern California Stroke Rehabilitation Associates, Inc. ("SCSRA") claims that it was harmed by the fitness machines that it bought from Nautilus, Inc. ("Nautilus") because the machines were not suitable for SCSRA's intended purpose. To establish this claim, SCSRA must prove all of the following:

1.     That SCSRA bought the machines from Nautilus;

2.     That, at the time of purchase, Nautilus knew or had reason to know that SCSRA intended to use the product for a particular purpose;

3.     That, at the time of purchase, Nautilus knew or had reason to know that SCSRA was relying on its skill and judgment to select or furnish a product that was suitable for the particular purpose;

4.     That SCSRA justifiably relied on Nautilus's skill and judgment;

5.     That the machines were not suitable for the particular purpose;

6.     That SCSRA took reasonable steps to notify Nautilus within a reasonable time that the machines were not suitable;

7.     That SCSRA was harmed; and

8.     That the failure of the machines to be suitable was a substantial factor in causing SCSRA's harm.


Authority:  CACI 1232

EXHIBIT A - 37 -

**COURT'S INSTRUCTION NO. _____**

NOTIFICATION/REASONABLE TIME

      If a buyer is required to notify the seller that a product is not as represented, does not have the expected quality, or is not suitable, it must do so within a reasonable time after it discovers or should have discovered this. A reasonable time depends on the circumstances of the case. In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer. A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller regardless of whether the seller actually receives the notice. **The notification need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation.**

Authority:  CACI 1243; Comm. Code § 2607, Comment 4 (bold)

<u>Defendant's Objection and Alternative to this Instruction</u>

Defendant Nautilus objects to this instruction because it alters CACI 1243 for no reason other than to make the instruction more "favorable" to the Plaintiff.  Defendant alternatively proposes that (1) its own special instruction (submitted) be used; or (2) if Plaintiff's is to be used, the "bolded" portion of the instruction—which is the modified portion—be omitted.

EXHIBIT A - 39 -

**COURT'S INSTRUCTION NO. _____**

DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- **The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.**

- ***The plaintiff may recover the cost to repair the products to make them conform to the warranty.***

- **The plaintiff may recover any reasonable expenses incident to the breach.**

- **The plaintiff may recover consequential damages resulting from Nautilus's breach, including any loss resulting from general or particular requirements and needs of which Nautilus at the time of contracting had reason to know and which SCSRA could not reasonably prevent by purchasing substitute goods or otherwise.**

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.1; Comm. Code §§ 2712, 2714, 2715 (bold); *Camrosa County Water Dist. v. Sw. Welding & Mfg. Co.* (1975) 49 Cal.App.3d 951, 956, *Grupe v. Glick* (1945) 26 Cal.2d 680, 689-690 (bold and italics)

34    EXHIBIT A - 40 -

<u>Defendant's Objection and Alternative to this Instruction</u>

Defendant Nautilus objects to this instruction to the extent it includes damages not authorized by law. Plaintiff has provided no support for the suggestion that his recoverable damages are any more than the difference between the value of the goods as they are versus as they should be, plus incidental damages. Plaintiff's "italicized" portion of the instruction should be removed. Accordingly, Nautilus offers the following alternative instruction:

DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

- The plaintiff may recover any reasonable expenses incident to the breach.

- The plaintiff may recover consequential damages resulting from Nautilus's breach, including any loss resulting from general or particular requirements and needs of which Nautilus at the time of contracting had reason to know and which SCSRA could not reasonably prevent by purchasing substitute goods or otherwise.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Model Civil Jury Instruction No. 5.1; Comm. Code §§ 2712, 2714, 2715 (bold);

35        EXHIBIT A - 41 -

**COURT'S INSTRUCTION NO. _____**

EQUITABLE ESTOPPEL (SPECIAL JURY INSTRUCTION)

The doctrine of equitable estoppel precludes a party from contradicting a statement made intentionally to lead another to believe a particular thing true and to act upon such belief. The elements of a claim of equitable estoppel are as follows:

(1) The party to be estopped must know the facts;

(2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;

(3) The latter must be ignorant of the true facts; and

(4) He must rely on the former's conduct to his injury.

The party making the representation or concealment of facts need not have fraudulent intent.

Authority: *U.S. v. Ruby Co.*, 588 F.2d 697, 703 (1978);  13 B. E. Witkin, et al., *Summary of Cal. Law*, Equity § 190, at 527-528 (10th ed. 2005); *Seymour v. Oelrichs* (1909) 156 Cal. 782, 796-797, disapproved on another ground in *Sterling v. Taylor* (2007) 40 Cal.4th 757, 769-770

EXHIBIT A - 42 -

## COURT'S INSTRUCTION NO. _____

### RES JUDICATA

The doctrine of "res judicata " prevents a party from re-litigating an issue that has been argued and decided in a prior lawsuit.

Nautilus argues the doctrine of res judicata as a complete defense to the lawsuit against it.  In this respect, Nautilus has the burden of proving the following:

(1)  the issue(s) decided in the prior adjudication is/are identical with those presented in the later action;

(2)  there was a final judgment on the merits in the prior action;

(3)  the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication;

(4)  no injustice would result from application of res judicata; and

(5)  the public interest requires that relitigation be foreclosed.

*Sources*:

*Vella v. Hudgins*, 20 Cal.3d 251, 257 (1977) ["The burden of proving that the requirements for application of res judicata **32 have been met is upon the party seeking to assert it as a bar or estoppel"]

*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 686 ["A prior judgment is not res judicata on a subsequent action unless three elements are satisfied:  "1) the issues decided in the prior adjudication are identical with those presented in the later action; 2) there was a final judgment on the merits in the prior action; and 3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication. [Citation.]  Even if these threshold requirements are established, res judicata will not be applied 'if injustice would result or if the public interest requires that relitigation not be foreclosed.' "  [Citations.].]

EXHIBIT A - 43 -

## Defendant's Objection

Defendant Nautilus objects to this instruction to the extent that it instructs the jury on purely equitable factors such as whether "injustice" would occur as a result of the application of res Judicata, or whether the public interest is served. These should be within the purview of the Judge. Moreover, the instruction does not address the "Primary Right" doctrine, which this Court has found applicable in its ruling on Defendant's summary judgment motion. Lastly, Nautilus contends that the elements regarding a final adjudication on the merits is not, and cannot be reasonably contested and thus including an instruction with those claims will serve only to confuse the jury.

Nautilus Inc. has proposed its own Res Judicata-related instructions and requests those alternatives be used instead.

EXHIBIT A - 44 -

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

COLLATERAL ESTOPPEL

The doctrine of "collateral estoppel" prevents a party from re-litigating an issue that has been argued and decided in a prior lawsuit.

Nautilus argues the doctrine of collateral estoppel as a complete defense to the lawsuit against it. In this respect, Nautilus has the burden of proving the following:

(1) the issue(s) sought to be precluded from re-litigation must be identical to that decided in a former proceeding;

(2) the issue(s) must have been actually litigated in the former proceeding;

(3) the issue(s) must have been necessary to the outcome of the former proceeding;

(4) the decision in the former proceeding must be final and on the merits;

(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding; and

(6) the public interest requires that relitigation of that issue be foreclosed.

*Sources*:

*Pacific Lumber Co. v. State Water Resources Control Bd.*, 37 Cal.4th 921, 944 (2006) [Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." [Citation.] The doctrine applies "only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements." [Citation.] "Even assuming all the threshold requirements are satisfied, however, our analysis is not at an end. We have repeatedly looked to the public policies underlying the doctrine before concluding that collateral estoppel should be applied in a particular setting." [Citation]."]

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, fn. 5 (1979) ["Under the doctrine of

EXHIBIT A - 45 -

res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.  [Citations.]."]

EXHIBIT A -46-

## Defendant's Objection

Defendant Nautilus objects to this instruction on the basis that it is an inaccurate recital of the law. To illustrate, the issue previously litigated need not be "necessary to the outcome" of the prior lawsuit as Plaintiff's instruction suggests, but rather, "necessarily decided". Further, Nautilus objects to the extent that it instructs the jury on purely equitable factors such as whether justice would or would not be served by the application of the doctrine (element 6 in Plaintiff's instruction.)

Nautilus Inc. has proposed its own Collateral Estoppel-related instruction and requests those alternatives be used instead.

EXHIBIT A - 47 -

**COURT'S INSTRUCTION NO. \_\_\_\_**

CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source

Ninth Circuit Manual of Model Jury Instructions – Civil 2.13

EXHIBIT A - 48 -

**COURT'S INSTRUCTION NUMBER ___**


CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to

you in order to help explain the contents of books, records, documents, or other evidence

in the case. They are not themselves evidence or proof of any facts. If they do not

correctly reflect the facts or figures shown by the evidence in this case, you should

disregard these charts and summaries and determine the facts from the underlying

evidence.


Source

Ninth Circuit Manual of Model Jury Instructions – Civil 2.12

EXHIBIT A - 49 -

## COURT'S INSTRUCTION NO. _____

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source

Ninth Circuit Manual of Model Jury Instructions – Civil 2.4

EXHIBIT A –50–

**COURT'S INSTRUCTION NO. _____**

ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

Source

Ninth Circuit Manual of Model Jury Instructions – Civil 3.4

45   EXHIBIT A-51-

**COURT'S INSTRUCTION NO. _____**

DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.


Source

Ninth Circuit Manual of Model Jury Instructions – Civil 3.5

EXHIBIT A-52

**COURT'S INSTRUCTION NO. _____**

DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

Source

Ninth Circuit Manual of Model Jury Instructions – Civil 5.3

EXHIBIT A-53-

**COURT'S INSTRUCTION NO. _____**

DURATION OF IMPLIED WARRANTY

An implied warranty is in effect for one year after the sale of the machines unless a shorter period is stated in a writing that comes with the machines, provided that the shorter period is reasonable. In no event will an implied warranty be in effect for less than 60 days.

The time period of an implied warranty is lengthened by the number of days that the machines were made available by Southern California Stroke Rehabilitation Associates for repairs under the warranty, including any delays caused by circumstances beyond Southern California Stroke Rehabilitation Associates' control.

Source
CACI 3212

EXHIBIT A-54-

**COURT'S INSTRUCTION NO. _____**

AFFIRMATIVE DEFENSE—UNAUTHORIZED OR UNREASONABLE USE

Nautilus, Inc. is not responsible for any harm to Southern California Stroke

Rehabilitation Associates if Nautilus, Inc. proves that any defects in the powder coat

on the exercise machines were caused by unauthorized or unreasonable use of the

machines after they were sold.

Source

CACI 3220

EXHIBIT A -55-

**COURT'S INSTRUCTION NO. _____**

INCIDENTAL DAMAGES

Southern California Stroke Rehabilitation Associates also claims additional reasonable expenses for incidental damages.

To recover these expenses, Southern California Stroke Rehabilitation Associates must prove all of the following:

    1. That the expense was actually charged;

    2. That the expense was reasonable; and

    3. That Nautilus, Inc., dba The Nautilus Group, Inc.'s breach of warranty was a substantial factor in causing the expense.


Source

CACI 3242

EXHIBIT A - 56 -

COURT'S INSTRUCTION NO. _____

### Defense Special Instruction No. 1

### RES JUDICATA (I)

A party is prevented from re-litigating any claims that were, or could have been brought in a prior lawsuit which resulted in a valid, final judgment on the merits. This is called the doctrine of *res Judicata*.

Nautilus Inc. contends that Ponani Sukumar cannot prevail on any claim in this lawsuit because his complaints regarding the powder coating on the Nautilus machines have already been litigated, or could have been litigated, in a prior lawsuit between the parties. If you find that the same claims brought by the Plaintiff were litigated, or could have been litigated the prior lawsuit between the parties you must find in favor of Nautilus.

*Sources:*

- "[A] valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit." (*San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System* (9th Cir. 2009) 568 F.3d 725, 734, citations omitted.) The following three elements must be established to support a complete defense of claim preclusion: (1) the same "claims" in both actions; (2) a final judgment on the merits in the prior suit; and (3) privity among the parties. (*Brodheim v. Cry* (9th Cir. 2009) 584 F.3d 1262, 1268.)

- Under both California and federal law it is settled that a plaintiff's claims are properly precluded under the doctrine of *res judicata* if it those claims *could have* been raised or were available to the plaintiff in the prior litigation even if they were not, in fact, raised. (*Eichman v. Fotomat Corp.* (1983) 147 Cal. App. 3d 1170, 1174-1175.) This is true even if in the second suit the plaintiff seeks different forms of relief or adds new facts supporting recovery. (*Id.* at 1175: "if the

EXHIBIT A-57-

same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit **but also all matters which could have been raised**.", emphasis added; citing to *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202; *see also*, *Americana Fabrics, Inc. v. L & L Textiles, Inc.* (9th Cir. 1985) 754 F.2d 1524, 1529: "[c]laim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.".)

EXHIBIT A - 58

## PLAINTIFF'S OBJECTION

**Objection:  Incorrect Statement of Law.**  Erroneous, misleading, or incomplete instructions that fail to correctly state the law may ordinarily be rejected.  (*McGonigle v. Combs*, 968 F.2d 810, 824 (9th Cir. 1992).)  The "could have been brought" phase is taken out of context.  From its inclusion, the jury could incorrectly conclude that if it had been possible for a completely different primary right to have been asserted and brought in the past litigation, then res judicata applies to bar anything connected with that completely different primary right.  That is not the law, and not a position cited in Defendants' source documents.  **Objection:  Argumentative.**  Argumentative instructions are those that emphasize one party's contentions while ignoring the contentions of others.  The district court has the discretion to reject argumentative instructions.  (*Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983).)

**Objection:  Irrelevant**.  Jury instructions must be supported by the pleadings and evidence.  (*Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir. 1984).)  An irrelevant instruction, even if a correct statement of law, should not be given to the jury.  Irrelevant instructions are likely to mislead the jury and invite speculation.  (*Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 345 (6th Cir. 1985).)  SCSRA contends that no evidence will be admitted at trial to support Nautilus's contention.

EXHIBIT A - 59 -

COURT'S INSTRUCTION NO. _____

Defense Special Instruction No. 2

RES JUDICATA (II) -- "SAME PRIMARY RIGHT"

In determining whether Plaintiff has previously litigated his current powder-coating related claims in a prior lawsuit between the parties, you must not focus on type of legal theory advanced in the two lawsuits. Instead, you must decide whether the same "primary right" was at stake in both lawsuits. If the two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake. This is true regardless of the name of the legal theory advanced (*e.g.* breach of contract to breach of warranty) and even if in the second suit the Plaintiff seeks different forms of relief or adds new facts supporting recovery.

*Sources:*

- *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal. 4th 788, 797. The *Boeken* Court explained that "[i]n California the phrase 'causes of action' is often used indiscriminately to mean counts which state according to different legal theories the same cause of action. But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced."

- Thus, although Plaintiff may assert a nominally different cause of action (*e.g.* Breach of *warranty* rather than breach of *contract*) "if the two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake." (*Eichman v. Fotomat Corp.* (1983) 147 Cal. App. 3d 1170, 1174-1175.)

- If the two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake." (*Eichman v. Fotomat Corp.*

EXHIBIT A - 60 -

(1983) 147 Cal. App. 3d 1170, 1174-1175.) This is true even if in the second suit the plaintiff seeks different forms of relief or adds new facts supporting recovery. (*Id.* at 1175.)

EXHIBIT A-61-

## PLAINTIFF'S OBJECTION

**Objection: Irrelevant**. An irrelevant instruction, even if a correct statement of law, should not be given to the jury. Irrelevant instructions are likely to mislead the jury and invite speculation. (*Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 345 (6th Cir. 1985).) SCSRA contends that disputed issue or issues of material fact will not require the jury as laypersons to wade into the murky legal waters of "primary right" theory.

EXHIBIT A - 62 -

## COURT'S INSTRUCTION NO. _____

### Defense Special Instruction No. 3

### COLLATERAL ESTOPPEL

The doctrine of "collateral estoppel" prevents a party from re-litigating an issue that has been argued and decided in a prior lawsuit.

Nautilus contends that the issue of whether the powder coating is defective on the Nautilus machines owned by the Plaintiff has already been litigated in a prior lawsuit between the parties and therefore Nautilus contends the Plaintiff cannot recover on those issues in this case. To be successful, Nautilus must prove the following:

(1) the issue(s) sought to be precluded from re-litigation must be identical to that decided in a former proceeding;

(2) this issue(s) must have been actually litigated in the former proceeding;

(3) the issue(s) must have been necessarily decided in the former proceeding.

(4) the decision in the former proceeding must be final and on the merits; and

(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Sources:*

- California's doctrine of collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335.)

- *Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal. 4th 921, 944; identifying the necessary elements)

EXHIBIT A - 63 -

## PLAINTIFF'S OBJECTION

**Objection:  Argumentative.**  Argumentative instructions are those that emphasize one party's contentions while ignoring the contentions of others.  The district court has the discretion to reject argumentative instructions.  (*Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983).)

EXHIBIT A - 64 -

## COURT'S INSTRUCTION NO. _____

### Defense Special Instruction No. 4

**FAILURE TO GIVE NOTICE OF BREACH OF WARRANTY**

A buyer of goods is barred from recovering any remedy for a breach of warranty unless the buyer of the goods, within a reasonable time after he or she discovers or should have discovered any breach, notifies the seller of the breach.

Nautilus contends that Plaintiff failed to notify it of any breach of warranty and therefore cannot prevail in this lawsuit.

*Sources:*

- Cal.Com.Code § 2607(3)(A): under the California Commercial Code, a "buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy";

- *McCune v. F. Alioto Fish Co.*, 597 F.2d 1244, 1253 (9th Cir.1979) (holding that recovery for breach of a warranty of fitness for a particular purpose is conditioned upon the buyer's notifying the seller of the breach.)

- *Alvarez v. Chevron Corp.* (9th Cir. 2011) 656 F.3d 925, 932: "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court. *See Cardinal Health 301, Inc. v. Tyco Elecs. Corp.,* 169 Cal.App.4th 116, 135, 87 Cal.Rptr.3d 5 (2008) (*Cardinal Health* ).

- Filing of a complaint does not constitute notice. *Yamada v. Nobel Biocare Holding AG* (C.D. Cal. 2011) 275 F.R.D. 573, 581: "The mere filing of the suit cannot constitute notice."

EXHIBIT A - 65 -

## PLAINTIFF'S OBJECTION

**Objection: Argumentative.** Argumentative instructions are those that emphasize one party's contentions while ignoring the contentions of others. The district court has the discretion to reject argumentative instructions. (*Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983).) **Objection: Irrelevant**. Jury instructions must be supported by the pleadings and evidence. (*Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir. 1984).) An irrelevant instruction, even if a correct statement of law, should not be given to the jury. Irrelevant instructions are likely to mislead the jury and invite speculation. (*Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 345 (6th Cir. 1985).) SCSRA contends that no evidence will be admitted at trial to support Nautilus's contention. Moreover, this instruction is incomplete in that it leaves out the explanatory language from Comment 4 to Comm. Code 2607 which provides that the notification need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation. The jury should have this language to properly decide this issue.

EXHIBIT A-66-

## COURT'S INSTRUCTION NO. _____

### Defense Special Instruction No. 5

### WARRANTY ONLY APPLIES TO ORIGINAL PURCHASER

Only a party to the original sale of goods may recover for a breach of an express warranty or an implied warranty.

Nautilus contends that the written warranty which applies to the exercise machines at issue is limited to the original purchaser of the machines. Nautilus further contends that the Plaintiff, Southern California Stroke Rehabilitation Associates Inc. was not the original purchaser of the machines and therefore cannot recover for any warranty claim whether express or implied.

If you find that Plaintiff Southern California Stroke Rehabilitation Associates Inc. was not the original purchaser of the Nautilus equipment, then you must find in favor of Nautilus.

*Sources:*

- Exhibits "A" and "D" to the Complaint (The "warranty document" at issue in the case and Sukumar's Assignment of rights to SCSRA in 2004.)

- "[P]rivity of contract (between the plaintiff and defendant) is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is [not] a party to the original sale. [Citations.]" (*Windham at Carmel Mountain Ranch Assn. v. Superior Court* (2003) 109 Cal. App. 4th 1162, 1169, 135 Cal. Rptr. 2d 834; citing and quoting: *Burr v. Sherwin Williams Co.* (1954) 42 Cal.2d 682, 695 [268 P.2d 1041].)

EXHIBIT A - 67 -

- "Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability. (*All W. Electronics, Inc. v. M-B-W, Inc* (1998) 64 Cal. App. 4th 717, 725

EXHIBIT A - 68 -

## PLAINTIFF'S OBJECTION

**Objection: Incorrect Statement of Law.** Erroneous, misleading, or incomplete instructions that fail to correctly state the law may ordinarily be rejected. (*McGonigle v. Combs*, 968 F.2d 810, 824 (9th Cir. 1992).) Nautilus's "contention is of a legal nature, and it misstates the law. **Objection: Argumentative.** Argumentative instructions are those that emphasize one party's contentions while ignoring the contentions of others. The district court has the discretion to reject argumentative instructions. (*Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983).) **Objection: Irrelevant.** Jury instructions must be supported by the pleadings and evidence. (*Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir. 1984).) An irrelevant instruction, even if a correct statement of law, should not be given to the jury. Irrelevant instructions are likely to mislead the jury and invite speculation. (*Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 345 (6th Cir. 1985).) This Court has already ruled in the Motion for Summary Judgment order that undisputed facts demonstrate that SCSRA has proved privity. Even if this were not the case, this is legal issue rather than a factual one. Moreover, Nautilus did not plead this as an affirmative defense. Nautilus has also waived this argument by failing to disclose it in response to very specific interrogatories and stipulating that the warranty applies to the machines at issue in this case.

HFB 1177540.1 S9077007

EXHIBIT A - 69 -