1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   SOUTHERN CALIFORNIA STROKE              CASE NO. 09cv744-CAB (MDD)
     REHABILITATION ASSOCIATES, INC., a
12   California Corporation,,                **ORDER ON MOTIONS IN LIMINE**

13                            Plaintiff,     **[DOC NOS. 150, 151, 152, 153, 154]**

14        vs.

15   NAUTILUS, INC. dba THE NAUTILUS
     GROUP, INC., a Washington corporation;
16   and DOES 1 through 10 , inclusive,

17                            Defendants.

18        Before the Court are the Plaintiff's Motions in Limine [Doc. Nos. 150, 151, 152], and

19   Defendant's Motions in Limine [Doc. No. 153, 154.] On August 24, 2012 the Court heard oral

20   argument on the motions.  Upon review of the briefing of the parties, and the argument of counsel, the

21   following summarizes the Court's rulings from the bench during oral argument:

22        **Plaintiff's Motion in Limine No. 1 to preclude Nautilus from introducing evidence**

23   **regarding the current condition and powder coating of machines [Doc. No. 150]** is **GRANTED**.

24   Nautilus, while precluded from offering its own expert as to the current condition of the machines

25   since this lawsuit has commenced, may cross examine Plaintiff's expert, and introduce evidence of

26   the court's previous findings in the preceding litigation as to the physical condition of the machines

27   at issue.

28        /

1    **Plaintiff's Motion in Limine No. 2 to exclude evidence that the warranty does not apply**

2    **to powder coating [Doc. No. 151]** is **DENIED** without prejudice.  Plaintiff may renew the motion,

3    and conduct a *voir dire* of the defense witness regarding this topic outside the presence of the jury if

4    necessary to establish the proper foundation and the witness's personal knowledge on the subject.

5    **Plaintiff's Motion in Limine No. 3 to preclude evidence regarding unrelated litigation and**

6    **claimed *Modus Operandi* of Litigiousness** [Doc. No. 152] is **GRANTED** to the extent that

7    Defendant may not describe Plaintiff or Mr. Sukumar as "litigious."  The parties have indicated to the

8    Court that they have met and conferred and agreed upon the scope of describing the parties' litigation

9    history in this matter.

10   **Defendant's Motion in Limine No. 1 to preclude expert testimony re: "Medical Grade"**

11   **standards for powder coating [Doc. No. 153]** is **GRANTED**.  The Court finds that the term

12   "medical grade," without any other scientific basis for the description, will be misleading to the jury.

13   Plaintiff's expert acknowledged during his deposition that there is no recognized standard in the

14   industry for paint finish for machines used for medical rehabilitation as opposed to fitness. To describe

15   the machines as "medical grade" suggests that rehabilitation equipment should be treated differently.

16   Plaintiff's expert is further precluded from giving testimony that rust on the machines promotes

17   bacterial growth because he does not have a scientific background or expertise in that area.

18   **Defendant's Motion in Limine No. 2 to preclude Plaintiff's expert Kepler from testifying**

19   **as to the cost of and/or impact of "Recalibrating" the exercise machines** [Doc. No. 154] is

20   **DENIED** as moot.  Plaintiff stated that it will not be introducing such evidence at trial.

21

22   DATED:  August 27, 2012

23   _____

24   **CATHY ANN BENCIVENGO**
     United States District Judge

25

26

27

28