Stephen J. Tomasulo (Bar No. 181013)
   E-Mail: stomasulo@hillfarrer.com
**HILL, FARRER & BURRILL LLP**
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Plaintiff,
**SOUTHERN CALIFORNIA STROKE**
**REHABILITATION ASSOCIATES, INC.,**
**a California corporation**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NAUTILUS, INC., dba THE NAUTILUS GROUP, INC., a Washington corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 09-CV-744 CAB (MDD) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT NAUTILUS, INC.'S MOTION FOR DIRECTED VERDICT / NONSUIT FOLLOWING PLAINTIFF'S CASE IN CHIEF** <br><br> Trial Date: September 10, 2012 <br> Time: 8:30 a.m. <br> Place: Courtroom 2 <br> Judge: Hon Cathy Ann Bencivengo |

## I.   INTRODUCTION

Defendants' misnamed motion is in effect a Motion for Judgment as a Matter of Law ("JMOL") under Fed. R. Civ. Pro. 50. As shown below, Nautilus has not shown in its papers that it is entitled to a *de facto* summary judgment – in the nature of that denied earlier in this case by Judge Sammartino.

## II.   APPLICABLE STANDARD FOR A JMOL

Many courts follow the "salutary" and "highly desirable" practice of refraining from granting the motion at this stage and instead will submit the case to the Jury. The Jury's verdict may render moot the issue of sufficiency of evidence, and the party can always renew its motion after the Jury's verdict. (See, *McPhillamy v. Brown & Root, Inc.*

CASE NO. 09CV744

1   (5th Cir. 1987) 810 F.2d 529, 533; *Therrell v. Georgia Marble Holdings Corp.* (11th Cir.

2   1992) 960 F.2d 1555, 1568.)

3       Generally, a court ruling on a Rule 50(a) JMOL must view the evidence in the light

4   most favorable to the nonmoving party and draw all factual inferences in the nonmovant's

5   favor. (See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000);

6   *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994).)

7       In ruling on the motion, the court may not make credibility determinations or

8   weigh the evidence, as these are jury functions. (*Lytle v. Household Mfg., Inc.*, 494 U.S.

9   545, 554-555 (1990).)

10       JMOL is proper if the evidence, construed in the light most favorable to the

11   nonmoving party, allows only one reasonable conclusion.  (*Anderson v. Liberty Lobby,*

12   *Inc.*, 477 U.S. 242, 250–251 (1986).)  If, however, reasonable minds could differ as to the

13   import of the evidence, the judge should deny the JMOL motion and submit the case to

14   the jury. (*Hall v. Consolidated Freightways Corp. of Delaware*, 337 F.3d 669, 672 (6th

15   Cir. 2003).)

16       In ruling on a JMOL motion, the court may not take into account the credibility of

17   witnesses, resolve evidentiary conflicts, or ponder the weight of the evidence introduced

18   at trial. (*Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 273 (1st Cir. 2000).)

19       Nor may the court grant the motion on grounds neither raised in the motion nor

20   "previewed" to the nonmoving party by the court. (*Summers v. Delta Air Lines, Inc.*, 508

21   F.3d 923, 926-928.)

22       The court applies the same standard when ruling on a JMOL motion as on a motion

23   for summary judgment. (See, *Reeves v. Sanderson Plumbing Products, Inc.*, *supra*, 530

24   U.S. at 150.)

25   ///

26   ///

27   ///

28

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUTILUS, INC.'S MOTION FOR DIRECTED VERDICT / NONSUIT FOLLOWING
PLAINTIFF'S CASE IN CHIEF

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## III.   JMOL MUST BE DENIED ON THE "RES JUDICATA"AND "COLLATERAL ESTOPPEL" ISSUES

Nautilus's present argument on its res judicata and collateral estoppel defenses is nothing more than an attempt to have the Court overrule Judge Sammartino's Order Denying Nautilus's Motion for Summary Judgment.  Judge Sammartino specifically ruled that:

> [A] prior judgment does not bar a subsequent action 'when there are changed conditions and new facts which were not in existence at the time the action was filed upon which the prior judgment was based." *Planning & Conservation League v. Castaic Lake Water Agency*, 103 Cal.Rptr.3d 124, 140 (Cal. Ct. App. 2009) (quoting *McGaffey v. Sudowitz*, 10 Cal.Rptr. 862, 864 (Cal. Ct. App. 1961). Nor does the doctrine of claim preclusion bar claims that arise after the initial complaint is filed. *Allied Fire Protection v. Diede Constr., Inc.*, 25 Cal Rptr.3d 195, 199 (Cal. Ct.  App. 2005).

(Docket Entry ("DE") 113, pp. 10-11 [Order Denying Nautilus' Motion for Summary Judgment].)

With regard to collateral estoppel, Judge Sammartino ruled:

> [I]ssue preclusion 'does not apply where there are changed conditions or new facts which did not exist at the time of the prior judgment . . . .' *U.S. Golf Ass'n v. Arroyo Software Corp.*, 81 Cal.Rptr.2d 708, 713 (Cal. Ct. App. 1999)"

(*Id.*, at p. 13.)

Judge Sammartino ruled that Mr. Cravens's declaration created a triable issue of fact as to whether there were changed conditions or new facts that render these defenses inapplicable.  Specifically, the following statements from his declaration created triable issues of fact on these questions:

> "'[T]here are new . . . defects that have manifested subsequent to the Direct Focus litigation"

>        *   *   *

> "[O]ther powder coating defects that originally manifested prior to the conclusion of the [Direct Focus action] have now degraded significantly.

>        *   *   *

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

CASE NO. 09CV744

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUTILUS, INC.'S MOTION FOR DIRECTED VERDICT / NONSUIT FOLLOWING PLAINTIFF'S CASE IN CHIEF

[N]umerous instances of osmotic blistering, rust and corrosion that had increased in size since his last inspection.

(*Id.*, at p. 11.)

Mr. Cravens similarly testified to exactly these same things here, and thus these issues must be resolved by the Jury. Among other things, Mr. Cravens testified to the following:

Q: Are these problems that result from osmotic blistering are they static problems, or do they get altered over time?

A: They will continue to manifest themselves over time. The longer the time, the more quickly they'll grow.

Q: OK. Did you notice any change in the conditions associated with osmotic blistering between the time of your initial inspection in 2007, and the 2010 inspection in this case?

A: Yes.

Q: Can you explain that?

A: Well, we saw various areas on equipment that didn't have osmotic blistering, show signs of osmotic blistering.

(2 Reporter's Transcript ("RT") 93:2-13.)

Q. Okay. Did you notice any difference in the condition – in the conditions associated with weld area corrosion between the time of your inspection in 2007, and the inspection in 2010?

A. Yes, there was notably more corrosion in the weld areas.

Q. Okay. How many units exhibited this condition?

A. 40 units.

(2 RT 95:23-96:3.)

Q. Did you notice any change in the corrosion associated with void area brackets between the time of your inspection in 2007, and your inspection in 2010?

A. Yes, there was notably more corrosion in those areas.

(2 RT 96:24-97:2.)

Exhibit 6 (Mr. Cravens's 2010 Report) similarly establishes that the defects that are the subject of the present litigation are different than those involved in the prior litigation.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

He answered one of the questions put to him as follows:

> Whether or not there are changed conditions or new defects in the exercise equipment that were not present or had not yet manifested themselves when you examined the equipment in the fourth quarter of 2007; **A:  Yes, there are new defects and change of conditions from the 2007 inspection.**

(Exhibit 6, p. 2.)

These are only a few of the myriad instances where Mr. Craven distinguished between prior and present equipment conditions and circumstances.  Such testimony was elicited at trial even during Mr. Cravens's cross-examination:

> Q:  Okay.  Growing problems.  The question for you, sir, is are they new problems that were not manifest and that were not present as a result of the conditions you noted in 2007?
>
> A:  Yes, in some areas they were.
>
> Q:  In some areas they were?
>
> A:  Yes.

(2 RT 121:2-7.)

Clearly, it cannot be said at this juncture (at the close of Plaintiff's case in chief) that Nautilus has met its burden of proving on undisputed facts that res judicata or collateral estoppel bar Plaintiff's action.

## IV.   DIRECTED VERDICT MUST BE DENIED ON THE "NOTICE" ISSUE

### A.   Burdens of Proof on This Issue

Plaintiff, as the buyer, has the burden of proving reasonable notice to the Defendant concerning a "breach of warranty" claim.  (Cal. Comm. Code § 2607(3)(A).)  But the question of whether notice was properly given must be "determined from the particular circumstances and, where but one inference can be drawn from undisputed facts, the issue may be determined as a matter of law." (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.*, 169 Cal.App.4th 116, 136 (Cal. 2008).)  Thus, Plaintiff gets to the Jury on the "notice" issue if:  (1) the testimony and/or documentary evidence is **disputed** on the particular circumstances of the notice; **or** (2) there is **more than one inference** that the Jury could draw from even undisputed facts.  In other words, despite Plaintiff having

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   the burden of proof on this substantive issue, *Defendants* have the procedural burden of

2   proof on a Motion for Directed Verdict of showing either no disputed fact question on the

3   "notice" issue, **and** only one possible inference to be drawn if there is no disputed fact

4   question.

5       **A.**    **Defendants Do Not Meet Their Burden for Directed Verdict**

6       In this case, at a minimum, the facts are disputed as to whether or not plaintiff

7   provided "reasonable notice."

8       **1.**    **Evidence No. 1 of Reasonable Notice:  Exhibit 11**

9       Mr. Patiño's May 29, 2008 letter establishes reasonable and timely notice of

10  plaintiff's claims.  (Exh. 11.)  In that letter, Mr. Patiño began to describe to Nautilus's

11  lawyer (Mr. Kearns) the "deficiencies" of which he claimed Mr. Kearns was "aware,"

12  including finishing issues on some of the machines.  Mr. Sukumar's trial testimony

13  corroborated the "reasonable notice" aspect of Mr. Patiño's letter.  (1 RT 32-34).)

14      **2.**    **Evidence No. 2 of Reasonable Notice:  Exhibit 12**

15      Mr. Kearns' response letter the following day (May 30, 2008) told Mr. Patiño:

16      . . . you make the now expected claim that **each and every aspect of the**
17  **Nautilus materials and performance is deficient in various ways;**
    ultimately demanding that Nautilus return, **again**, to address these "issues."

18                       \*   \*   \*

19      . . . Because Nautilus has fully complied with the requirements in the
20  Court's Order, it will not, absent another direct order from the Court, return
    and perform work on the Smith machine."

21  (Exh. 6 [emphasis].)  Mr. Kearns said the same regarding other pieces of equipment.

22      Then, Mr. Kearns stated without reservation:

23      . . . **Any** further attempt to fix, **paint**, re-measure, or **accommodate your**
24  **client's multitude of complaints** will undoubtedly be met with even more
    allegations of deficiencies, more demand letters, more motions, and more
25  court orders.

    As such, it is certainly not difficult to understand why **Nautilus no longer**
26  **finds it to be in its best interest to entertain the continuing demands of**
    **your client.**  Moreover, we cannot in good conscience recommend that our
27  client make any more attempts to satisfy your client.  It has historically
    resulted in nothing but additional time and cost.

28

1    To confirm, in response to your correspondence of May 29, 2008, **Nautilus
     is not willing to return or take any further steps to "satisfy" Mr.
2    Sukumar. No further work will be performed absent a Court order.**

3    (Exh. 12 [emphasis added].)

4         Mr. Sukumar appropriately and permissibly characterized this letter as Mr. Kearns

5    (on behalf of Nautilus) telling him to, "***go pound sand.***" (1 RT 32:21.)

6              **3.    Evidence No. 3 of Reasonable Notice:  Exhibit 6**

7         Mr. Sukumar's "notice" did not stop there. There is at least a permissible inference

8    that Mr. Cravens's August 2010 Report (on behalf of Mr. Sukumar) was an extension of

9    the first notice from the May 29, 2008 letter. (Exhibit 6.)

10        As a follow-up to the "go pound sand" response, Mr. Sukumar commissioned Mr.

11   Cravens to perform a second detailed inspection of every machine, and to generate a new

12   55-page report in August 2010, replete with color photographs and detailed descriptions

13   of the defects. (Exh. 6.) It is hard to imagine a more detailed "notice" of any warranty

14   defects. Nautilus responded to the Report with no efforts whatsoever to attempt to cure

15   the detailed defects -- true to Mr. Kearns' earlier promise.

16        **B.    Estoppel/Waiver Principles Bar the "Notice" Challenge**

17        The purpose of the notice requirement regarding a warranty claim is to give the

18   defendant manufacturer the opportunity to cure before facing a trial on the warranty claim.

19   (*Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).) If nothing else is clear and

20   undisputed in this case, it is that Nautilus will never voluntarily try to cure any of

21   Plaintiff's warranty claims.

22        When Mr. Kearns and Nautilus told Plaintiff's counsel that there was no way

23   Nautilus would ever voluntarily act to cure defects, such constituted an advance denial of

24   any potential notices. Indeed, the clear import of Mr. Kearns' letter is that Plaintiff need

25   not even ask for cures; Nautilus would not address "any" such issues.

26        Having told Plaintiffs' counsel effectively not to request future repairs of any kind

27   on any of the equipment, Nautilus cannot now try to exploit the lack of continued and

28   additional notice that its May 30, 2008 letter dissuaded.

- 7 -

CASE NO. 09CV744

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   Thus, on equitable principles of estoppel and waiver, Plaintiff contends that this

2   issue need not go to the Jury because the Court should rule for Plaintiff that the notice was

3   either effective or excused for these reasons – the opposing result that Nautilus seeks.

4   Plaintiff pled in the Complaint (at Paragraph 36) proper and reasonable notice.

5   (DE 1.)  We are unaware of any specific complaint by Nautilus about "notice" other than,

6   we think, one paragraph of argument towards the end of the Reply regarding Nautilus's

7   Motion for Summary Judgment on September 19, 2010.  (DE 103, pp. 7-8.)  Nautilus

8   alternatively has waived this complaint, particularly knowing that it would never act on

9   any "notice" of defects of any kind.

## V.   CONCLUSION

10   On the basis of these points, and others that we will reference orally before the

11   Court, federal procedural law requires denial of Nautilus's JMOL under the present

12   circumstances of this trial.

13

14   DATED:  September 12, 2012          HILL, FARRER & BURRILL LLP

15

16                                      By: /s/ Stephen J. Tomasulo
                                           Stephen J. Tomasulo
17                                         Attorneys for Plaintiff
                                           SOUTHERN CALIFORNIA STROKE
18                                         REHABILITATION ASSOCIATES,
                                           INC., a California corporation

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT NAUTILUS, INC.'S MOTION FOR DIRECTED VERDICT / NONSUIT FOLLOWING PLAINTIFF'S CASE IN CHIEF

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147