UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC. a California corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>NAUTILUS, INC., dba THE NAUTILUS GROUP, INC., a Washington Corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Civil No.   09cv744-CAB (MDD)<br><br>**ORDER GRANTING NAUTILUS, INC.'S MOTION FOR A JUDGMENT AS A MATTER OF LAW AND FINAL JUDGMENT**<br><br>**[Doc No. 177]** |

### I.   INTRODUCTION

Before the Court is Defendant Nautilus, Inc.'s Motion for Judgment as a Matter of Law ("JMOL") pursuant to Rule 50 of Federal Rules of Civil Procedure, which Defendant brought at the close of Plaintiff's evidence. [Doc. No. 177.] Plaintiff opposed the motion. [Doc. No 178.]  Defendant brought the motion on two alternative grounds.  First, that all three of Plaintiff's claims (Breach of Express Warranty, Breach of Implied Warranty of Merchantability, and Breach of Implied Warranty of Merchantability) are barred by principles of *Res Judicata* and Collateral Estoppel because the Plaintiff did not proffer evidence at trial of any "new" defects on the subject Nautilus equipment that had not already been fully litigated in the prior *Direct Focus* litigation. [*See* Case No. 00-cv-304-LAB (AJB)]   Second, Defendant argues that all three claims should be dismissed because Plaintiff failed to proffer evidence that he gave notice of the breach to Defendant – an essential element of all three claims.

The Court heard oral argument on the motion on September 13, 2012, and after offering its tentative ruling, afforded the parties the opportunity to submit supplemental briefing. The parties did so. [Doc Nos. 180-182.] Defendant proceeded to call its own witness and present its own evidence to the jury on September 17, 2012. Following the close of evidence, the jury was excused for lunch, and oral argument on the JMOL resumed, focusing primarily on the notice issue. The Court gave Plaintiff the opportunity to reopen its case and introduce any additional evidence that would demonstrate, or at least create a factual dispute for the jury to resolve, whether or not the Plaintiff gave reasonable notice to Defendant of the breach of warranties prior to filing this lawsuit. Plaintiff offered nothing additional. For the reasons stated on the bench, and as set forth below, the Court found that JMOL was appropriate and accordingly **GRANTED** the motion and dismissed the jury.

**II.     LEGAL STANDARD**

Rule 50 of Federal Rules of Civil Procedure provides in pertinent part:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim...that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. Rules Civ. Proc. 50(a)(1).

Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, allows only one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986). In ruling on a JMOL, the Court many not make credibility determinations or weigh the evidence, as these are jury functions. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151 (2000).

**III.    ANALYSIS**

All three of Plaintiff's causes of action for breach of express and implied warranties expressly require as an essential element of each claim that the buyer provide the seller with reasonable notice of the breach. *See* Cal. Comm. Code § 2607(3)(A) ("Where a tender has been accepted, the buyer ***must***, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach ***or be barred from any remedy***.") (emphasis added). *See also* Judicial Council of California Civil Jury

1  Instructions ("CACI") Nos. 1230 (express warranty); 1231 (implied warranty of merchantability); 1232
2  (implied warranty of fitness for a particular purpose).  Notice must be given prior to the filing of a lawsuit.
3  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).  Indeed, "[t]he purpose of giving notice of
4  breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the
5  matter in court," which would be "completely undermined if it could be satisfied with the giving of post-suit
6  notice."  *Id., citing Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal.App.4th 116, 135 (2008).  As
7  the buyer, Plaintiff bears the burden of proving that it gave reasonable notice to Nautilus of the alleged
8  breaches of warranty.  *Cardinal Health 301*, 169 Cal.App.4th at 135.  The question as to whether notice has
9  properly been given may be determined as a matter of law if, in light of the circumstances of the case, "but
10 one inference can be drawn from undisputed facts."  *Id.* at 136.

**A. Evidence of Reasonable Notice**

Defendant argues that Plaintiff failed to present evidence in its case-in-chief that Plaintiff gave Defendant any notice of the alleged breach of warranty at issue prior to filing this lawsuit.  In response, Plaintiff argued that, at a minimum, three examples of documents in evidence raised a factual dispute from which the jury could determine that Plaintiff provided reasonable notice sufficient to meet this essential element of its claims. [*See* Doc. No. 178 at 6-7.]

**Exhibit 11**: Plaintiff first offers Exhibit 11, a May 29, 2008 letter from Plaintiff's counsel at the time, Mr. Patiño, to defense counsel, Mr. Kearns, as an example of the fact that Defendant was on notice of certain "deficiencies" in the fitness machines that Plaintiff purchased from Defendant.  Upon review of Exhibit 11, and considering the particular circumstances of this case, as it must, the Court concludes that there is "but one reasonable inference [that] can be drawn" from that letter, and as a matter of law, Exhibit 11 does not constitute reasonable notice to the Defendant of this lawsuit.  *See Cardinal Health 301*, 169 Cal.App.4th at 136.  Indeed, the letter expressly relates to Plaintiff's assertion that Defendant had not complied with Judge Burns' order in the *Direct Focus* litigation, which was still ongoing at the time of the letter.  The letter does not address powder coating defects at all, and there is nothing in that letter that would put Defendant on notice that there was a new defect in the powder coating or changed circumstances that were different from the issues already litigated in the *Direct Focus* litigation.

As the Court stated in further detail from the bench, Justice Wiener as special master, and Judge

Burns as District Judge, inspected, reviewed, considered, and discussed all of the alleged breaches, which Plaintiff zealously pursued in the *Direct Focus* matter. In his April 2008 order, Judge Burns adopted Justice Wiener's recommendation, and essentially found that Plaintiff's claims were without merit. [*See* Trial Exhibit 115 (Docket No. 257, Case No. 00-cv-304-LAB(AJB))]. Specifically, pertinent to the claims at issue here, the previous court found that the powder coating finish on the machines were suitable for their intended use, that they were merchantable, and that, subject to some very minor remedial action, there was no breach of contract or specific performance with respect to the quality of the powder coating finish on the machines. *Id*.

Plaintiff argues that the threshold to establish that notice was given is very low, and is met by the May 29, 2008 letter, as it informed Defendant that the Plaintiff was still not satisfied with the product because the letter generally referenced the products' "deficiencies." In light of the history of the case, however, and the circumstances present here, this case is easily distinguishable from the cases Plaintiff cites in support of its proposition, because the "notice" contained in Exhibit 11 relates to issues that had already been adjudicated by the previous court. There is no reasonable inference from which one could conclude that Defendant was on notice of a potential lawsuit relating to new defects or circumstances upon receipt of the letter identified as Exhibit 11.[1]

**Exhibit 12**. Plaintiff also argues that Exhibit 12, defense counsel's May 30, 2008 response to the letter identified as Exhibit 11, is evidence of notice. While this letter may be relevant to Plaintiff's estoppel argument, as discussed below, it is drafted by defense counsel, not Plaintiff or its representative, and thus cannot be considered notice from the buyer for purposes of meeting the statutory requirement. *See* Cal. Comm. Code § 2607(3)(A).

**Exhibit 6**. Finally, Plaintiff offered its expert report dated August of 2010 – nearly two years after this lawsuit was filed – as evidence of notice. Post-lawsuit notice is insufficient to meet the statutory requirement. *Alvarez*, 656 F.3d at 932.

---

[1] Indeed, as the Court noted during the hearing, Plaintiff's argument that Exhibit 11 constitutes reasonable notice o this lawsuit is directly contrary to its argument that *res judicata* does not apply; Plaintiff cannot have it both ways. Plaintiff survived summary judgment in this case because it argued that there were new or different circumstances present here that were not previously adjudicated. A letter relating on its face only to the previous litigation, therefore, cannot constitute reasonable notice of new defects. Nor was the Plaintiff's continuing dissatisfaction with the court's ruling regarding the finish of the equipment notice of a new claim.

1   Accordingly, the Court finds as a matter of law that Plaintiff did not present evidence sufficient to
2   meet its burden on the notice element of its claims.

### B. Excuse from the Notice Requirement/ Equitable Estoppel

Plaintiff argues in the alternative that, even if Plaintiff did not provide Defendant with reasonable notice, it was excused from the statutory notice requirement because Defendant, as articulated by defense counsel's May 30, 2008 letter identified as Exhibit 12, would not have taken any steps to cure the new deficiencies absent a court order. Plaintiff provides no authority to support this position. A plaintiff is only excused from meeting the notice requirement in very limited circumstances, which do not apply here. *See e.g. Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57, 61 (1963) (personal injury lawsuit against a manufacturer); *Gherna v. Ford Motor Co.*, 246 Cal.App.2d 639, 652-53 (1966) (property damage). *See also Cardinal Health 301*, 169 Cal.App.4th at 137 (Plaintiff not excused from giving statutory notice despite plaintiff's argument that defendant was not prejudiced by the lack of notice). The Court is aware of no authority, nor could Plaintiff provide the Court with any, that relieves a plaintiff from its burden to establish the essential notice element of its claim where it would be futile to do so.

Plaintiff argues that equitable principles should broadly apply in this case, again in light of the May 30, 2008 letter declining to meet Plaintiff's May 29, 2008 demands without a court order. In light of the long history of this matter, and the extent to which the *Direct Focus* action was thoroughly litigated and affirmed by the Ninth Circuit, the Court declines to find that the equities weigh in Plaintiff's favor. Specifically, the Court finds that the policy of finality of judgments weighs in favor of granting the JMOL.[2] It appears, in light of all the information before the Court, that this Plaintiff was simply unhappy with the result of the *Direct Focus* litigation, and therefore, within eight months of Judge Burns' order finding Plaintiff's claims to be essentially without merit, opted to try its hand in a different jurisdiction without ever providing the Defendant with notice of breach based on new facts and/or circumstances that justified the filing of a new lawsuit.

Having found that Plaintiff did not introduce sufficient evidence at trial from which a reasonable jury

---

[2] The Court notes that to instruct the jury as Plaintiff advocates, *i.e.* that Plaintiff was excused from its burden to establish that it gave Defendant reasonable notice of its claims, would be asking the jury to disregard the court's prior rulings, which are binding on these parties.

could find that Plaintiff gave Defendant reasonable notice of the alleged breach, and that no authority supports Plaintiff's argument that it should be excused from that element of its claims, the Court finds that JMOL pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is appropriate here.

### IV. CONCLUSION

For the reasons stated from the bench, and as set forth above, Defendant's motion for JMOL is **GRANTED**. Judgment is hereby entered in favor of Defendant Nautilus, Inc. and against Plaintiff Southern California Stroke Rehabilitation Associates, Inc. as to all of Plaintiff's claims, thereby resolving this case in its entirety.

**IT IS SO ORDERED.**

DATED: September 21, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge